HIGH POINT SAVINGS AND TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF ROBERT WAYNE MARTIN, DECEASED v. JOHN CAMPBELL KING, BY HIS GUARDIAN AD LITEM, WILLY L. KING; BRYON CAMPBELL KING, AND UNIVERSAL C. I. T. CREDIT CORPORATION

AND

JOYCE FAYE MARTIN, BY HER GENERAL GUARDIAN, HIGH POINT SAVINGS AND TRUST COMPANY v. JOHN CAMPBELL KING, BY HIS NEXT FRIEND, WILLY L. KING; BRYON CAMPBELL KING; AND UNIVERSAL C. I. T. CREDIT CORPORATION.

(Filed 14 December, 1960.)

**Automobiles § 52—**

The holder of a chattel mortgage on an automobile, nothing else appearing, cannot be held liable for the negligent operation of the vehicle by the mortgagor or the mortgagor's agent, since the mortgagor of the vehicle is deemed the owner. G.S. 20-279.1(8).

APPEALS by plaintiffs from *Preyer, J.,* June 1960 Civil Term, GUILFORD Superior Court (High Point Division).

These civil actions were instituted to recover for the wrongful death of Robert Wayne Martin and for personal injury to Joyce Faye Martin, passengers in a Ford automobile which was involved in an accident. The complaints are identical in so far as they relate to defendant Universal C.I.T. Credit Corporation, the appellee.

The complaints allege in substance that John Campbell King and his father, Bryon Campbell King, purchased the Ford from a used car dealer; that the appellee advanced the money for the purchase and as security took a title-retaining contract on the vehicle. The appellee held the certificate of title which was not delivered to the Motor Vehicles Department for registration, though a promise to do so is alleged. The appellee permitted the delivery of the vehicle to John Campbell King and Bryon Campbell King, and the accident causing the death and injury occurred while the vehicle was being operated on the public highway by John Campbell King. Neither John Campbell King nor his father complied with the requirements of G.S. 20-309, 319, the Motor Vehicle Financial Responsibility Act of 1957. The plaintiffs demand judgment against the

defendants, including the appellee who filed a demurrer upon the ground the complaint failed to state a cause of action against it. The court sustained the demurrer and the plaintiffs appealed.

*Haworth, Riggs, & Kuhn for plaintiffs, appellants.*
*Roberson, Haworth & Reese, By: Horace S. Haworth for defendant,. appellee.*

PER CURIAM. Under the Motor Vehicle Safety and Financial Responsibility Act, G.S. 20-279.1(8), a conditional vendee, lessee, or mortgagor of a motor vehicle is deemed to be the owner. Liability on the part of the appellee can arise only by application of the doctrine *respondeat superior*, that is, by showing the relationship of master and servant, or employer and employee, or principal and agent. The complaint does not allege facts showing any such relationship. The demurrer was properly sustained.

Affirmed.